UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:10-cr-66-WFJ-SPF

YEFERSON GONZALEZ-RIVAS
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Yeferson Gonzalez-Rivas, USM#: 53449-018, moves, *pro se*, (Dkt. 117) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 21, 2011, Yeferson Gonzalez-Rivas was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received a 235-month prison term. Mr. Gonzalez-Rivas's total offense level was 38. He was assessed no criminal history points, and his criminal history was category I. Mr. Gonzalez-Rivas's advisory sentencing range was 235-293 months, and he received a sentence at the low end of the guidelines. The 10-year mandatory minimum was imposed. The Bureau of Prisons online inmate locator shows a release date from BOP custody as of May 19, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Gonzalez-Rivas's term of imprisonment because Defendant did not meet the criteria set forth in USSG § 4C1.1(a)(10) and received an adjustment for an aggravating role and engaging in continuing criminal enterprises as defined in 21 U.S.C. § 848.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 124.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Yeferson Gonzalez-Rivas because "[w]hile he had zero criminal history points, he received an aggravating role adjustment under 3B1.1 and engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *Id*.  This Court provided 21 days for any *pro se* filing, but nothing has been filed.  Dkt. 125.

Even if Defendant were eligible and even considering any revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 235-month sentence.  This case involved three brothers running international marine narcotics smuggling operations using go-fast vessels and a freighter in the Eastern Pacific Ocean.  Defendant was responsible from 2003 through 2009 for hiring and recruiting mariners and organizing and supervising the vessels at the launch sites in Colombia to move the drugs to Panama.  This was corroborated by five witnesses.  The seizure from a Panamanian freighter (with 14 crew members) resulted in 779 bales of approximately 19,500 kilograms of cocaine in two shipping containers.  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (a)(2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Colombia and will likely be deported.

Yeferson Gonzalez-Rivas's *pro se* motion (Dkt. 117) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on June 6, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE